| United States District Court | Southern District of Texas |
|---|---|

| | |  |
|---|---|---|
| Citgo Petroleum Corp., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-09-3363 |
| | § | |
| International Insurance Co., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Remand

1.   *Background.*

Citgo Petroleum Corporation, Citgo Refining and Chemicals Company, and PDV Midwest Refining, LLC, purchased excess liability insurance from International Insurance Company and U.S. Fire Company for coverage between 1983 and 1987. In the 1990s, Westchester Fire Insurance Company sent Citgo a series of notice and assumption agreements that Westchester says constituted novations, relieving International and U.S. Fire from liability. Westchester's form-letter accompanying the notice and assumption certificate for the U.S. Fire policy advised Citgo that the policy would be transferred to Westchester and that Citgo should "take the appropriate action indicated." Citgo did nothing. It did not send premiums to Westchester because coverage had ended – it owed no premiums.

Citgo sued International and U.S. Fire in state court to oblige them to defend and indemnify it in pollution suits that had been filed against it. Westchester, not a named defendant, removed this coverage suit on diversity. It says that only it should be a defendant in this lawsuit because Citgo had agreed to a novation, relieving International and U.S. Fire of liability. Citgo says that the policies were not novated; instead, they were only re-insured, so U.S. Fire and International should remain defendants. U.S. Fire is not

diverse; both Citgo and it are citizens of Delaware. Because U.S. Fire's presence destroys diversity, Citgo seeks remand.

In a recent case in Louisiana state court, Citgo had stipulated to the novation of the same International policies by Westchester. Citgo had not sued U.S. Fire in that case. Westchester sent a similar form-letter and notice and assumption agreement to Citgo for the U.S. Fire policy as it did for the International policies. Westchester says that because Citgo stipulated to the novation to Westchester for the International policies, it has also admitted that Westchester assumed exclusive liability on the U.S. Fire policy.

2. *Notice versus Consent.*

Westchester sent a notice and certificate of assumption to Citgo that said that it was assuming the rights and responsibilities of policy number 523424638, issued by U.S. Fire, effective January 1, 1993. This notice said, "You will be deemed to consent to this change in insurers by payment of the first premium due . . . or by any other action which indicates you accept . . . ." The cover letter advised Citgo to "take the appropriate action indicated."

Reinsurance does not relieve the original insurer of liability without the consent of the insured. Westchester has produced no evidence of Citgo's intent to relieve U.S. Fire from liability. On its exhibits for the International policies, the notice includes a removable return section with lines to check "Yes, I accept the transfer . . . ." or "No, I reject the proposed transfer . . . ." The notice for the U.S. Fire policy does not have this option. It only says that Citgo could consent through payment or other action. Citgo had no premium due, so it did not pay or do anything else. It did not consent to a novation.

3. *Filings in Louisiana.*

Westchester says that Citgo admitted that it had accepted Westchester's exclusive assumption of the same International policies in ongoing litigation in Louisiana. Assuming that this is true – and assuming that it is an admission binding on this court – it still says nothing about the U.S. Fire policy. Each policy had a separate notice and certificate of assumption. They are separate agreements. Westchester must show that

Citgo accepted the novation for each one. The policies are not treated as a batch simply because they are the subject of the same litigation.

4. *Conclusion.*

Because this court lacks jurisdiction, this case will be remanded to the 125th District Court of Texas, Harris County.

Signed on February 8, 2010, at Houston, Texas.

                                            Lynn N. Hughes
                                   United States District Judge